UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANTHONY ANDERSON,

                Plaintiff,                    COMPLAINT
                                                          15 CV 4225 (RMB)

    - against -

ARTURO ARJONA, ORNAN CHARLES, and
ILBEY AYKAC, employees of the New York
City Police Department,

                                                   **Jury Trial Demanded**

                Defendants.

------------------------------------------------------------x

        Anthony Anderson, by his attorney, the Law Office of Matthew Flamm, alleges the following upon information and belief as his Complaint.

### Nature of the Action

        1.     This civil rights action arises from the August 9, 2013 use of force on and arrest of Anthony Anderson by New York City Police Officers.  Plaintiff's claims are under the United States Constitution's Fourth, Fifth, Sixth, and Fourteenth Amendments.  Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction

        2.     This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

### Venue

        3.     Under 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because a the events or omissions giving rise to the claim occurred in that judicial District.

Parties

4. Plaintiff Anthony Anderson is a citizen of the United States of America residing in the State of New York, County of New York. At the time of the incidents complained of, he was forty-five years of age.

5. The CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed defendants Arjona, Charles, and Aykac and the other Police personnel involved in the incident underlying this lawsuit.

6. Defendants ARTURO ARJONA, Shield 13113, ORNAN CHARLES, and ILBEY AYKAC, Shield 28612, were at all times relevant acting within the scope of their employment by the City of New York Police Department, and were assigned to PSA 5.

7. At all times relevant herein, defendants ARJONA, CHARLES, and AYKAC were acting under color of state law.

Statement of Facts

8. In the evening of August 9, 2013, Anthony Anderson was lawfully at, around, and in front of 2159 First Avenue in Manhattan.

9. He had spent several hours sitting outdoors visiting with a friend who lives there, Gladys Kelly, a cousin, Darryl Gamble, and others.

10. As Mr. Anderson and the others prepared to leave, defendants Arjona and Charles walked by on their patrol, turned around, and returned to question Mr. Anderson about a nearby closed bottle of liquor.

11. Defendant Arjona advised plaintiff that he was going to issue him a summons for an open container. Mr. Anderson truthfully stated that he had not been drinking, and Arjona requested identification from plaintiff.

12. Mr. Anderson took out his wallet and offered his identification to defendant Arjona as defendant Charles stood nearby. Plaintiff, in turn, asked defendant Arjona for his identification.

13.     Arjona apparently took offense to what he perceived as a disrespectful comment, and asked Mr. Anderson if he was an asshole.

14.     Defendant Arjona pepper sprayed plaintiff in the face.



15.     Defendant Charles, wearing gloves, then struck Mr. Anderson in the face.

16.     Defendant Arjona struck Mr. Anderson in the legs with an asp.

17.     Defendants Arjona and Charles forced Mr. Anderson to the ground.

18.     Other officers, including defendant Aykac, arrived after plaintiff was handcuffed, and Mr. Anderson was struck about the body.

19.     Plaintiff was taken to the PSA 5 Stationhouse, where defendants Arjona, Aykac, and Charles prepared or allowed to be prepared false police reports accusing Mr. Anderson of various crimes, including possessing two bags of phencyclidine [PCP] which defendant Aykac falsely claimed were recovered from a fanny pack belonging to plaintiff.

20.     While in custody, Mr. Anderson was treated at Harlem Hospital, where he was found with abrasion and swelling to his left lower leg, abrasion to his right lower leg, pain and swelling to his right wrist, a forehead hematoma, and left periorbital swelling.

21.     Mr. Anderson was eventually taken to Manhattan Central Booking to await arraignment.

22.     While plaintiff awaited arraignment, defendant Arjona caused and the other defendants allowed false statements to be made to the New York County District Attorney's Office.

23.     The misrepresentations caused plaintiff's prosecution under New York County Criminal Court Docket Number 2013NY062433 on the false charges of violating Penal Law §220.03 (Criminal Possession of a Controlled Substance [PCP] in the seventh degree, an A misdemeanor punishable by up to a year imprisonment), and PL §195.05 and §205.30

(Obstructing Governmental Administration in the second degree and Resisting Arrest, A misdemeanors each punishable by up to one year imprisonment).

24. Mr. Anderson was arraigned on the charges on August 10, 2013 and the matter was adjourned in contemplation of dismissal and thereafter sealed.

25. The defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful conduct to which Mr. Anderson was subjected.

26. The defendants' acts and omissions caused Anthony Anderson to suffer loss of liberty, physical injury and pain, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.  Plaintiff suffered the indignities and debasement of the arrest-to-arraignment process and the upset caused by the false testimony and evidence.

27. The defendants, at all times relevant, and in using force on, arresting and imprisoning, and in offering false evidence to the District Attorney and a Criminal Court Judge, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

28. The plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

29. The defendants violated the Fourth and Fourteenth Amendments by using unreasonable force on Anthony Anderson.

30. As a consequence thereof, Anthony Anderson was injured.

SECOND CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

31. The plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

32. By the actions described above, the defendants deprived Mr. Anderson of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

33. Plaintiff was unlawfully stopped, arrested and imprisoned, and, as a consequence thereof, Anthony Anderson has been injured.

THIRD CLAIM FOR RELIEF FOR
DENIAL OF PLAINTIFF'S FAIR TRIAL RIGHTS

34. The plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

35. The defendants created false evidence against Anthony Anderson.

36. The defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

37. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

38. As a consequence thereof, Anthony Anderson has been injured.

FOURTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

39. The plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

40. The defendants, despite having a reasonable opportunity to prevent, end, or truthfully report the misconduct to which plaintiff was subjected, failed to intervene, thereby violating plaintiffs rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.

41. As a consequence thereof, Anthony Anderson has been injured.

<u>Request for Relief</u>

WHEREFORE, plaintiff respectfully request that judgment be entered that Anthony Anderson's rights to be free from unreasonable and excessive force, arrest and prosecution under the United States Constitution were violated together with:

(A) Compensatory damages in an amount to be fixed at trial;
(B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;
(C) An award to plaintiff of the costs and disbursements herein;
(D) An award of attorney's fees under 42 U.S.C. §1988;
(E) Such other and further relief as this Court may deem just and proper.

Dated: May 29, 2015
    Brooklyn, New York

                            The Law Office of Matthew Flamm
                              Attorney for Plaintiff Anthony Anderson
                            26 Court Street, Suite 2208
                            Brooklyn, New York 11242
                            (718) 797-3117
                            matthewflamm@msn.com

                            _____
                            Matthew Flamm